IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL DEREK MARTIN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. H-04-396 |
| | § | |
| LOCKWOOD, ANDREWS & NEWMAN, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Defendant filed a Motion for Summary Judgment (Docket Entry No. 12). Plaintiff, who is *pro se*, never responded to the Motion. The Court held a status conference on the Motion and gave Plaintiff ten days to submit something in writing. Plaintiff never did so. For the reasons that follow, Defendant's Motion is **GRANTED** and this case is **DISMISSED WITH PREJUDICE**.

### I. BACKGROUND

Plaintiff is an African-American male. He brought this action under Title VII of the Civil Rights Act alleging race and color discrimination. Plaintiff worked for Defendant in the mailroom from October 15, 1989 until he was terminated on May 29, 2003. The Employee Termination Notice stated that Plaintiff was terminated "as a result of workforce reduction."

Plaintiff claims that he was discriminated against when Defendant failed to promote him; when Defendant terminated him; when his supervisor, Ms. Spencer (who is Caucasian), took away his job duties; when he was denied salary increases; when he was

1

not permitted to attend meetings with his work group; and when Defendant failed to re-hire him after new positions became available. Most of Plaintiff's complaints involve Ms. Spencer.

## II. **DISCUSSION**

### A. Legal Standard

A motion for summary judgment under Federal Rule of Civil Procedure 56 requires the Court to determine whether the moving party is entitled to judgment as a matter of law, based on the evidence thus far presented. *See* Fed. R. Civ. P. 56(c). "Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Kee v. City of Rowlett*, 247 F.3d 206, 210 (5th Cir. 2001) (citations omitted). Evidence is construed in the light most favorable to the non-moving party. *Id*. "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995) (citations omitted). This Court may grant summary judgment on a claim if Defendant can show that Plaintiff has failed to establish the existence of any of the essential elements of a claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

### B. Plaintiff's Claims

Defendant first claims that Plaintiff has not exhausted his administrative remedies with regard to his color discrimination claim because Plaintiff did not allege color

discrimination in the charge he filed with the EEOC. This argument appears to lack merit because Plaintiff alleged race discrimination in his EEOC charge, which is a very similar claim. It is unnecessary for the Court to address this issue further, however, because the same analysis applies to both claims, and Plaintiff has not met his burden as to either claim.

Plaintiff's promotion claim fails because the actions he complains of were discrete acts that are time-barred. His job duties claim also involves acts that are time-barred. In addition, some of the job duties were given to other African-American employees. Plaintiff cannot make out a prima facie case with regard to his work group meetings claim because being excluded from a work meeting is not an adverse employment action.

As for Plaintiff's termination, Defendant argues that Plaintiff cannot make out a prima facie case of discrimination because Plaintiff cannot show that he was replaced with someone outside the protected group. Plaintiff admitted in his deposition that the mailroom function is no longer being handled by Defendant's employees. Defendant says these functions were outsourced to cut costs. However, in the status conference, Plaintiff claimed that someone was hired to replace him and that the position was not outsourced. Plaintiff also claimed that, when he was terminated, there were openings in positions that he had held before. Therefore, the Court will assume that Plaintiff can make out a prima facie case of discrimination with regard to his termination.

Defendant has given a legitimate, non-discriminatory reason for its decision to terminate Plaintiff. At this stage, Defendant need only produce evidence that provides a reason for its actions that, if believed by the trier of fact, would support a finding that

discrimination was not the cause of the unlawful employment action. *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 507 (1993) (citation omitted). It "can involve no credibility assessment." *Id*. at 509.

Defendant argues that it needed to cut costs and that Plaintiff's job did not keep him busy eight hours a day. Also, Defendant says that the entire department Plaintiff worked in has since been outsourced, and that Ms. Spencer herself has been terminated. In the status conference, Plaintiff said that it was the nature of his job in the mailroom not to be busy for the entire day. Plaintiff added that some members of his work group are still employed by Defendant and that Ms. Spencer was terminated only recently. However, in his deposition, which was conducted in August of 2004, Plaintiff stated that he knew that Ms. Spencer had been terminated. Given that Defendant's burden at this point is one of production, the burden has been met.

The burden now shifts to Plaintiff to show that the reason given by Defendant is a pretext for discrimination. The only evidence of discrimination that Plaintiff has presented is his own subjective belief. This is not sufficient to survive summary judgment. *Douglass v. United States Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (citing cases). In fact, when questioned in his deposition, Plaintiff stated that Ms. Spencer never made a racist comment to him. Plaintiff also said that he could not remember seeing any inappropriate racist papers, pictures, or documents while he worked for Defendant, and could not identify any racist comments made by any other employees. When Plaintiff discussed his problems with Ms. Spencer at the status conference, it appeared that the two simply did not get along. This is not evidence of discrimination.

Plaintiff's failure to hire claim essentially restates his failure to promote and termination claims. Plaintiff added that new jobs with Defendant have become available since he was terminated; however, Plaintiff admitted that he did not apply for any of the positions.

Defendant's Motion for Summary Judgment did not address Plaintiff's denial of salary increases claim. However, Defendant requested summary judgment as a matter of law on all of Plaintiff's claims. As discussed above, Plaintiff has not produced any evidence of discrimination; therefore, summary judgment is also warranted as to Plaintiff's denial of salary increase claim.

### III. CONCLUSION

Defendant's Motion for Summary Judgment is **GRANTED** and this case is **DISMISSED WITH PREJUDICE**.

IT IS SO ORDERED.

SIGNED this 3rd day of August, 2005.

*[signature]*

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS NOTICE SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**